NO. 07-03-0216-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 13, 2003
_____

JONATHAN SHANE ROSS PEAKE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 01-08-05233-CR; HON. JAMES H. KEESHAN, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Jonathan Shane Ross Peake (appellant) appeals his conviction for aggravated robbery. The clerk's record was filed on May 2, 2003, and the reporter's record was filed on August 18, 2003. Thus, appellant's brief was due on September 18, 2003. However, one was not filed on that date. On September 25, 2003, this Court notified counsel for appellant that neither the brief nor an extension of time to file appellant's brief had been filed. Counsel for appellant was also admonished that if appellant's brief was not filed by

October 6, 2003, the appeal would be abated to the trial court. In response, counsel for appellant moved this Court for an extension of time to file appellant's brief to October 20, 2003. He justified his request by asserting that he was busy with other legal matter. We extended the deadline to October 20, 2003. On October 20, 2003, instead of filing appellant's brief, counsel for appellant filed a second request to extend the briefing deadline. Again, he justified the request by contending that he was busy performing other legal matter. Since being too busy with other things was insufficient reason to warrant further delay, we denied the motion but nonetheless gave appellant until November 5, 2003, to file the brief. That date has passed, and appellant has not filed a brief or moved for another extension.

Consequently, we abate this appeal and remand the cause to the 359th District Court of Montgomery County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute the appeal;

2.    whether appellant is indigent and entitled to appointed counsel; and,

3.    whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to

2

pursue this appeal, is indigent, and has been denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before December 12, 2003. Should additional time be needed to perform these tasks, the trial court may request same on or before December 12, 2003.

It is so ordered.

Per Curiam

Do not publish.